UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM DAVID LAUGA                                          CIVIL ACTION

VERSUS                                                       NO. 10-1967

ST. TAMMANY PARISH                                           SECTION "F"(3)
SHERIFF'S OFFICE, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, William David Lauga, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the St. Tammany Parish Sheriff's Office, Sheriff Rodney "Jack" Strain, Warden Longino, and other unidentified individuals. In the complaint, plaintiff stated his claim as follows:

> I have repeatedly asked for law books so that I could file an appeal to my case. I was repeatedly told to contact my legal representative. When I tried to do this I was told that the Sheriff's Office has no control over outside agencies. Because of this I could not reach the attorney or get access to the legal material needed to plead my case before the courts.[1]

He subsequently amended the complaint to add Deputy Davis as a defendant.

In order to better understand the factual bases of plaintiff's claim, the Court held a Spears hearing on July 28, 2010.[2] At that hearing, plaintiff testified that he had been convicted in state

---

[1] Rec. Doc. 2, p. 4.

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

court but was awaiting sentencing. He was being represented in those ongoing criminal proceedings by Peter Anthony Ierardi, IV, of the Louisiana Twenty-Second Judicial District Court Public Defender's Office.

The crux of plaintiff's complaint was that he had been unable to communicate with Mr. Ierardi. Plaintiff testified that he had submitted several requests to jail officials to speak with Mr. Ierardi. However, the officials responded that they had no authority over outside agencies such as the Public Defender's Office. The officials noted that they turned over the requests to that office but had no control over how quickly the attorneys responded to such requests. In light of the difficulties he had experienced with his appointed counsel, plaintiff wanted direct access to legal materials.

After the Spears hearing, plaintiff was sentenced and filed an appeal of his criminal judgment. The Louisiana Appellate Project was appointed to represent him in that appeal.[3] Plaintiff was then transferred from the St. Tammany Parish Jail, and he is currently housed at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[4]

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

---

[3] Rec. Doc. 7-1, pp. 1-2.

[4] Rec. Doc. 8.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." <u>In re</u> Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his <u>Spears</u> hearing testimony,[5] the undersigned finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claim

Plaintiff's claim is properly construed as an access-to-courts claim. Inmates have a constitutional right of meaningful access to the courts, which includes a right of access to law libraries or assistance from legally trained personnel necessary to file nonfrivolous legal claims challenging their convictions or conditions of confinement. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977); <u>Jones v. Greninger</u>, 188 F.3d 322, 325 (5th Cir. 1999). However, plaintiff is represented by appointed counsel in the ongoing state criminal proceedings, and it is clear that such appointment of counsel satisfies an inmate's right of access to the courts. <u>Caraballo v. Federal Bureau of Prisons</u>,

---

[5]  The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

124 Fed. App'x 284, 285 (5th Cir. 2005); Webb v. Scott, No. 99-50803, 2000 WL 959918, at *1 (5th Cir. June 13, 2000); Boyd v. Nowack, No. 09-7639, 2010 WL 892995, at *3 (E.D. La. Mar. 11, 2010); Wetzel v. Strain, Civ. Action No. 09-7048, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010); Mitchell v. Gusman, Civ. Action No. 07-5470, 2008 WL 449650, at *3 (E.D. La. Feb. 14, 2008); Buckenburger v. Strain, Civil Action No. 06-5670, 2006 WL 4503353, at *3 (E.D. La. Oct. 20, 2006); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006); Williams v. Bartel, Civil Action No. 05-21, 2006 WL 2547064, at *3 (W.D. La. June 19, 2006) (Wilson, M.J.) (Report and Recommendation adopted by Trimble, J., on August 31, 2006). Because plaintiff is currently represented, he has no valid access-to-courts claim with respect to his criminal proceedings, even if he would like access to legal materials in order to assist his attorney. Caraballo, 124 Fed. App'x at 285; Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994); Boyd, 2010 WL 892995, at *3; cf. Prather v.

Anderson, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. Aug. 31, 2005) ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation ....").

Moreover, the Court further notes that plaintiff's claim is additionally subject to dismissal for an additional reason: the claim is now moot. In this lawsuit, plaintiff challenged the legal services program available to inmates at the St. Tammany Parish Jail, and he sought only declaratory and injunctive relief. However, since filing the complaint, plaintiff has been transferred from the St. Tammany Parish Jail to the Elayn Hunt Correctional Center. The United States Fifth Circuit has made clear that such a transfer renders moot any claims for declaratory or injunctive relief with respect to the inmate's prior facility. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Davis v. Wall, No. 94-41002, 1995 WL 136204, at *2 n.3 (5th Cir. Mar. 9, 1995); McGee v. Camnova, Civ. Action No. 3:08-CV-2062, 2009 WL 35056, at *2 (N.D. Tex. Jan. 2, 2009); Dean v. Corrections Corporation of America, No. 2:05CV31, 2006 WL 2376224, at *2 (N.D. Miss. Aug. 16, 2006); Serrano v. Bowles, No. 3:02-CV-0686, 2003 WL 21448357, at *1 (N.D. Tex. May 16, 2003).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifth day of October, 2010.

                                                           **DANIEL E. KNOWLES, III**
                                                           **UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.