```
              UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF LOUISIANA


WILLIAM D. LAUGA                            CIVIL ACTION

Versus                                      NO. 10-1967

ST. TAMMANY PARISH                          SECTION: "F"
SHERIFF'S OFFICE, ET AL.
```

## ORDER AND REASONS

Before the Court are the plaintiff's motion to reinstate action and appoint counsel.  For the reasons that follow, the motions are DENIED.

## **Background**

Plaintiff, an inmate, filed this lawsuit alleging that defendants failed to help him make contact with his lawyer and did not allow him access to a law library.  The Magistrate Judge, in a Report and Recommendation which the Court adopted, characterized plaintiff's grievances as an "access to courts" claim."  Plaintiff filed suit under § 1983.

Plaintiff's incident at issue arose while he was awaiting sentencing in the St. Tammany Parish Jail following a state conviction.  He had a lawyer from the Public Defender's Office representing him at the time.  Plaintiff had trouble communicating with his attorney, and turned to jail officials to ask for their help in reaching him.  The officials told plaintiff that they had forwarded his request to speak with his lawyer to

1

the Public Defender's Office, but they had no control over when his attorney might respond.  Given his difficulty in speaking with his lawyer, plaintiff then asked for access to legal materials.  The jail officials allegedly denied plaintiff's request.  Shortly after, plaintiff was sentenced and transferred from St. Tammany Parish Jail to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  Plaintiff then filed this lawsuit.

In his Report and Recommendation, Magistrate Judge Knowles recommended that this Court dismiss plaintiff's claim for failure to state a claim on which relief can be granted.  The Magistrate Judge reasoned that because plaintiff had a lawyer representing him at the time of the alleged violation, plaintiff had sufficient access to the courts.  Plaintiff's lack of access to legal materials therefore did not violate any of plaintiff's rights.  The Magistrate Judge also noted that plaintiff's claim against the Tammany Parish Jail officials was now moot, given that he had moved to a different jail.

This Court adopted the Magistrate Judge's Report and Recommendation in full and dismissed the case.  Plaintiff contends that his sentence was later vacated, and his case remanded to state court.  He is now back at the St. Tammany Parish Jail, and asks to reopen his case so that the Court can continue to consider his access to courts claim.

This Court agreed with the Magistrate Judge's analysis of plaintiff's access to courts claim, and plaintiff submits no new evidence or argument to undermine the validity of that analysis. The fact that plaintiff is now back at St. Tammany Parish Jail does not change the fact that his rights were not violated in the first place.  The plaintiff had a lawyer representing him at the time of the alleged violations; his right of access to courts was satisfied.[1]

Accordingly, IT IS ORDERED: that the plaintiff's motion to reinstate his case is DENIED.  The plaintiff's motion to appoint counsel is also DENIED as moot.

New Orleans, Louisiana, September 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff appears to base his motion to reinstate on the idea that since he is back at the St. Tammany Parish Jail, his access to courts claim is no longer moot.  The mootness argument, however, was only an alternate ground for this Court's denial of plaintiff's claim.  More importantly, the Court confirmed the Magistrate Judge's analysis of plaintiff's substantive access to courts claim, and held that plaintiff had failed to state a claim for which relief could be granted.